**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REINA MARIA MENDEZ DE NAVARRO,[*] <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 21-24 <br><br> Agency No. <br> A070-916-080 <br><br> MEMORANDUM[**] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2025[***]

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Reina Maria Mendez de Navarro, a native and citizen of Honduras, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying her

---

[*]    The clerk will amend the caption to reflect petitioner's name as Reina Maria Mendez de Navarro, consistent with the final removal order in the certified administrative record.

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo questions of law and constitutional claims. *Id*. at 791-92. We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Mendez de Navarro's third motion to reopen as number-barred and untimely where Mendez de Navarro did not show that any statutory or regulatory exception applies. *See* 8 U.S.C. § 1229a(c)(7)(A) (only one motion to reopen allowed), (c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order); 8 C.F.R. § 1003.2(c)(3) (exceptions).

To the extent Mendez de Navarro contends the BIA should have reopened proceedings sua sponte, we have jurisdiction to review this discretionary determination only for legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We find no legal or constitutional error underlying the BIA's decision. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602-03 (9th Cir. 2002) (differential treatment by country of origin under the Nicaraguan Adjustment and Central American Relief Act does not violate equal protection).

We do not address Mendez de Navarro's contentions as to her eligibility for cancellation of removal and the immigration judge's consideration of the evidence

21-24

because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

We reject as unsupported by the record Mendez de Navarro's contention that the BIA did not provide a reasoned opinion.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**